**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**American Institute for Preventive**
**Medicine, Inc.**, a Michigan corporation,

|  |  |
|---|---|
| Plaintiff, | Case No.  2:09-cv-11195 |
| v. | Hon. Robert H. Cleland |

**Oakstone Publishing, LLC**, d/b/a Personal Best,
a Delaware limited liability company,

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery in this matter consistent with the needs of the parties to protect the confidentiality of certain documents and other information exchanged during discovery, Plaintiff American Institute of Preventive Medicine ("AIPM") and Defendant Oakstone Publishing LLC ("Oakstone") (individually a "Party" or collectively the "Parties") agree to the entry of a mutual Protective Order, as evidenced by the signatures of their respective counsel below, and the Court having reviewed the stipulation and otherwise being fully advised in its premises,

**IT IS HEREBY ORDERED** as follows:

1. **DEFINITIONS:**

    1.1.    When used in this Order, the word "Document(s)" means all written, recorded or graphic matter whatsoever, including, but not limited to, interrogatory answers, requests to admit and responses thereto, deposition transcripts and exhibits, and any portions of

any court papers which quote from or summarize any of the foregoing, or any other item as the terms are defined in the Federal Rules of Civil Procedure

       1.2.    CONFIDENTIAL INFORMATION means any Document, statement, information or copy thereof that a Party believes, in good faith, constitutes that Party's proprietary technical information; trade secret; confidential know-how; information about a Party's customer(s); proprietary business information which relates to a commercial operation of any Party; constitutes other confidential research, development or commercial information as those terms are used in Rule 26 of the Federal Rules of Civil Procedure; or contains information subject to a legally protected right or right of privacy or personal information. Except as otherwise indicated below, documents or other discovery designated by the producing party as "CONFIDENTIAL" and produced in this action shall be given confidential treatment as described below.

      2.    **ADMINISTRATION AND LOGISTICS:**

       2.1    A Party may, as provided in this order and subject to its terms and conditions, designate as – confidential and protected – any Documents (and information contained therein) that it produces by marking such documents with the legend "CONFIDENTIAL" at the time copies are produced to the receiving party.

       2.2    Any CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraph 2.1 above shall be designated as "CONFIDENTIAL" by the producing party by informing the receiving party in writing that the information is confidential.

2.3     Any portion of deposition testimony given in this case may be designated as "CONFIDENTIAL" by advising the reporter of such fact, or by notifying all Parties in writing within thirty (30) days of receipt by the deponent or the deponent's counsel of the transcript of the specific pages and lines of the transcript that contain CONFIDENTIAL INFORMATION. All deposition testimony given in this action shall be treated as confidential pending expiration of this thirty (30) day period.  Deposition testimony designated "CONFIDENTIAL" shall be given with no one present except persons to whom disclosure may be made pursuant to subparagraph 4 of this Order.  Any testimony designated "CONFIDENTIAL" shall be marked, treated, used, and disclosed only as provided in this Order.

2.4     Neither the designation by a Party of any Document as "CONFIDENTIAL" nor its receipt by the other Party shall constitute a concession that the Document is confidential.

2.5     Nothing in this Order shall prevent any party from objecting to discovery which it believes is improper.

3.     **CHALLENGES TO "CONFIDENTIAL" DESIGNATION:**  In the event that any party to this lawsuit objects at any point in these proceedings to the designation of any Document or information as "CONFIDENTIAL," the Party shall state the grounds for the objection.  The Parties shall thereafter try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, including an order that the Documents should not be treated as "CONFIDENTIAL" or that specified provisions of this Order shall not apply to the Document or information.  However,

all Documents and information designated as "CONFIDENTIAL" shall be maintained as such until the Parties agree otherwise or the Court makes its determination.

4.   **AUTHORIZED   ACCESS   TO   "CONFIDENTIAL   INFORMATION":**
Except upon prior written consent of the producing party and the Party which is the subject of the information, or upon further order of the Court, the Documents or information contained therein which are designed "CONFIDENTIAL," may be shown, disseminated, discussed or disclosed only to the following individuals:

a.   The Court and its staff in this case or in any appeal there from;

b.   Counsel of record for the parties in this case;

c.   Partners, associates, secretaries, paralegals and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

d.   Outside consultants, technical advisors and expert witnesses and their assistants and staff (whether designated as trial witnesses or not) employed or retained by the Parties or counsel.

e.   The Parties and/or their employees, to the extent that involvement with this action is part of their job duties;

f.   Any court reporter(s) and necessary support personnel of such court reporters retained in connection with depositions taken by any party in this litigation to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition;

g.   Any court appointed mediator, facilitator or case evaluator;

h.      Any person who authored or previously received the Document or information; and

i.      Any other person or entity as to whom counsel for the producer or provider of the CONFIDENTIAL INFORMATION agree in writing, or whom the Court directs shall have access to such information.

With the exception of court personnel and individuals under Sections 4a, 4b, and 4c, persons permitted to review Documents or information designated as "CONFIDENTIAL" under this Order will, before obtaining access to such documents or information, be shown a copy of this stipulation and agree in writing to be bound by its terms by signing a copy of a document in the form of Exhibit A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Counsel for the Party wishing to disclose such material must retain the signed stipulation, hold it in escrow, and produce a copy to opposing counsel on request after the close of discovery. Each Party, its employees, and its counsel will be advised of and be bound by the terms of this stipulation.

5.      **NO OTHER USE:**

5.1      All Documents or other material subject to this Order, and all confidential information derived therefrom, shall not be used, directly or indirectly, by any Party for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation and trial of this action in accordance with the provisions of this Order.

5.2      In no event shall any Document or any information designated as "CONFIDENTIAL" be disclosed to plaintiffs, defendants, or their counsel, in any case other than that captioned above.

6.      **FILING MATERIALS CONTAINING "CONFIDENTIAL INFORMATION":**

If any papers filed with the Court contain, quote, paraphrase, compile or otherwise reveal the substance of Documents designated as "CONFIDENTIAL," or any information contained therein, the party shall file under seal in accordance with Local Rule 26.4(c) and the Electronic Filing Policies and Procedures (CM/ECF) for the Eastern District of Michigan. The Clerk of the Court is hereby directed to hold in a manner that will safeguard the confidential nature thereof all such materials filed in this cause in a sealed envelope marked "CONFIDENTIAL" in the manner set forth above and to make any such sealed envelope available only as authorized by the Court. Neither the designation of Documents or information as "CONFIDENTIAL" nor the filing of any such document or information under seal shall prevent the use, in open court, at any hearing, or at the trial of this case, of any such document or information.

7.      **INADVERTENT DISCLOSURES:** In the event of a disclosure of designated "CONFIDENTIAL" documents or material to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the designating party whose CONFIDENTIAL INFORMATION has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the CONFIDENTIAL INFORMATION occurs.

8.      **THIRD-PARTY PRODUCTIONS:** To the extent that Documents are sought from a third-party, and in the event any Documents are obtained from a third-party, such third-party shall have the right to designate any such Documents as "CONFIDENTIAL", and the use

of such CONFIDENTIAL INFORMATION by the Receiving Party shall be governed in all respects by the terms of this order.

9. **SAVINGS PROVISION:** The inadvertent production of any privileged or attorney work product documents shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege which may otherwise attach thereto nor a general waiver of such privilege. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

10. **LASTING OBLIGATIONS:** Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all documents designated "CONFIDENTIAL" including any reproductions of such documents, must be returned upon request to the producing party or its counsel. The provisions of this Order shall continue to be binding after the conclusion of this lawsuit except that (a) there shall be no restriction on documents that are used as exhibits in open Court and (b) a Party may seek the written permission of the producing party or further order of the Court regarding the dissolution or modification of this Order.

11. **INJUNCTIVE RELIEF:** The Parties agree and acknowledge that a material and willful violation of this Order by any Party, their employees, representatives or agents or any third party who executes the attached statement, will result in irreparable harm to the producing party and the Parties therefore consent to the issuance of an injunction and other appropriate

relief.  Nothing in this Order shall preclude a party from pursuing an action for damages based

on the violation of the terms of this Order.

    **SO ORDERED.**

                      S/Robert H. Cleland
                      ROBERT H. CLELAND
                      UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this
date, November 9, 2009, by electronic and/or ordinary mail.

                      S/Lisa Wagner
                      Case Manager and Deputy Clerk
                      (313) 234-5522

1769452.01                                              8

So Stipulated:


s/ Patrice S. Arend
**JAFFE, RAITT, HEUER & WEISS, P.C.**
Patrice S. Arend (P56962)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
parend@jaffelaw.com

*Attorney for Plaintiff*

s/ Allen E. Pittoors
**HARNESS, DICKEY & PIERCE, P.L.C.**
Robert J. Lenihan (P16554)
Allen E. Pittoors (P66045)
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
Fax:  (248) 641-0270
rjlenihan@hdp.com
apittoors@hdp.com

*Attorneys for Defendant Oakstone Publishing, LLC*

**BAKER DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**
Stacey A. Davis
420 20th Street North, Suite 1600
Wachovia Tower
Birmingham, Alabama 35203-5202
Phone: (205) 328-0480
Fax: (205) 322-8007

*Of Counsel to Defendant Oakstone Publishing, LLC*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**American Institute for Preventive
Medicine, Inc.**, a Michigan corporation,

|  |  |
|---|---|
| Plaintiff, | Case No.  2:09-cv-11195 |
| v. | Hon. Robert H. Cleland |

**Oakstone Publishing, LLC**, d/b/a Personal Best,
a Delaware limited liability company,

Defendant.

---

**AGREEMENT CONCERNING MATERIAL
<u>COVERED BY PROTECTIVE ORDER</u>**

The undersigned hereby acknowledges that (s)he has read the Order entered in this action by the United States District Court for the Eastern District of Michigan, on _____, 2009, which is attached hereto, (s)he understands the terms thereof, including his/her obligation to keep confidential all information designated as CONFIDENTIAL pursuant to the attached Order and all other confidential information described in paragraph 1 of the Order, and to use such information solely for the prosecution or defense of this case and (s)he agrees to be bound by such terms.


_____

DATED: _____

15143135.1